## G. M. and BERT ALFORD v. LINK MILLING CO.

Springfield Court of Appeals, December 6, 1922.

1. **APPELLATE PRACTICE: Record Held Insufficient.** A record, the larger part of which merely set forth questions and answers as taken down by the court stenographer, is not such an abstract of the record as is required by the rules.

2. ———: Appellate Court Bound by Trial Judge's Finding of Fact When Supported by Substantial Evidence. The appellate court is bound by a finding of facts of a trial judge trying the case as a jury, where supported by substantial evidence.

Appeal from the Circuit Court of Greene County.—*Hon. Orin Patterson,* Judge.

AFFIRMED.

*Wright & Ruffin* for appellant.

No brief filed by respondents.

FARRINGTON, J.—This is a suit which was be-gun in the justice court by the plaintiffs for the recovery of a balance of $154.08, alleged to be due for a carload of wheat to the defendant f. o. b. Rogersville, Missouri. The plaintiffs recovered a judgment in the justice court, defendant appealed to the circuit court where a judg-ment for $154 was entered in favor of the plaintiffs, and it is from that judgment the appeal was taken to this court.

There is absolutely no question involved in this case other than a question of fact. The plaintiffs' evi-dence tends to show that they sold to the defendant a carload of wheat f. o. b. Rogersville at a stipulated price, and that the wheat was delivered; that the amount due was the sum of $2654.08; that the defendant paid $2500 of this amount, leaving a balance of $154.08 still due and owing. Plaintiffs' testimony shows that the wheat was to be delivered as per the weights at Rogersville. The defendant claims that the contract was that the wheat was to be purchased at a certain price per bushel, which price corresponds with plaintiffs' testimony, but that it was to be based on the weights at the point of desti-nation. The point of destination agreed on in the con-tract was Springfield, Missouri, but the defendant re-consigned the car to St. Louis, Missouri, and it was after-wards sold and its final destination was New Orleans, La. The evidence further shows that the defendant was given notice of a leaky condition of the car when it arrived at New Orleans, and that the wheat fell short the number of bushels as was shown by the plaintiffs' weights at Rogersville that made the amount of money due as

claimed by the defendant to be only $73.65, which was tendered to the plaintiffs and refused.

The only issue presented was whether the payment for the wheat was to be settled for as per weights at destination or as per weights at Rogersville, and there is substantial testimony that it was to be at Rogersville, which is the contention of the plaintiffs.

The court refused declarations of law, but at the request of the defendant made a finding of fact that the contract was that it would be paid for according to weights at Rogersville, and found that the difference in the weights at Rogersville and at New Orleans was due to the leaky condition of the car.

Attorney for appellant admitted under interrogation that there was evidence in the record from which a reasonable conclusion could be drawn that the plaintiffs' version of the contract was correct, but stated that he placed a different construction on the evidence. Of course, trial courts are bound by the construction placed on the evidence by juries and not by the attorneys for the losing side.

A printed statement of facts and designated points of authorities was filed in this court but no cases were cited or discussed. On oral argument, several citations were made, which we have examined and find to have no bearing whatever on any issue involved in this law suit.

The evidence shows that the plaintiffs sold the defendant a carload of wheat, not severally but jointly, and the evidence shows that the defendant so treated it because $2500 was paid shortly after the wheat was delivered and no attempt was made to designate the amount which was due to each of the plaintiffs who had raised the wheat on their farms and placed it in the car.

We want to call attention to the fact that the record presented to this court falls far short of being an abstract of the record as required by the rules, as the larger part of it consists of merely setting forth the questions

and answers as taken down by the stenographer in the trial court.

This court is bound by a finding of facts of a trial judge trying the case as a jury, where there is substantial evidence to support that finding, and there was evidence in this case to support the finding. Having made such finding, no other judgment could have been rendered under the law of this state than that which was appealed from. The judgment is affirmed. *Cox, P. J.,* concurs. *Bradley, J.,* concurs in result.